UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS HARMON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LISA LEONE and D. GAGNER,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-00140-TL<br><br>ORDER ON MOTION TO DISMISS |

　　　　This matter is before the Court on Defendants' Motion to Dismiss. Dkt. No. 16. Plaintiff did not respond to Defendants' motion, but did, however, send a letter response to Defendants on August 18, 2025.[1] *See* Dkt. No. 18 at 1–2. Defendants attached Plaintiff's letter to their Reply brief. *See* Dkt. No. 18 at 6. Having reviewed Defendants' motion, Plaintiff's letter (Dkt. No. 18 at 6), Defendant's Reply (Dkt. No. 18), and the relevant record, the Court GRANTS the Defendant's motion and DISMISSES this case WITH PREJUDICE.

---

[1] The letter was also addressed to the Clerk of the Court, but the Clerk's Office has been unable to locate the letter.

ORDER ON MOTION TO DISMISS – 1

# I. BACKGROUND

## A. The Current Case

This case arises from Plaintiff Chris Harmon's claim that his rights were violated under 42 U.S.C. § 1983 (Dkt. No. 12 (amended complaint)), because "proper service was not performed," and his "sixth amendment [was] not satisfied" (Dkt. No. 1 (complaint)). Plaintiff seeks relief through the overturning of a Des Moines Municipal Court ("DMMC") decision and reimbursement of court costs. *Id*. The allegations are based on the decisions made by Judge Lisa Leone and Judge Pro Tem Denice Gagner in a civil infraction matter in DMMC. Dkt. No. 16 at 1.

In the present case, Plaintiff filed his complaint on January 22, 2025, listing Judge Leone as the defendant. Dkt. No. 1 at 2. The Statement of Claim alleged, "Proper service was not performed"; and "Sixth amendment not satisfied." *Id.* at 5. The relief sought was "overturn municipal court adjudication" and "reimburse court costs." *Id.* On May 22, 2025, Plaintiff filed an amended complaint. Dkt. No. 12. The amended complaint left the Statement of Claim and Relief sections blank. *Id.* at 5. However, it appears Plaintiff was amending his complaint to include Judge Pro Tem Gagner as a second defendant (*see id.* at 2) and to request a jury trial (*see id.* at 7).[2]

Defendants filed the instant motion on August 7, 2025. Dkt. No. 15. Plaintiff did not file a response with the Court but did write a letter response, which was addressed to the Court, responding to Plaintiff's motion. Dkt. No. 18 at 6. However, this response was only received by the Court because Defendants included Plaintiff's response as an attachment in Defendants' reply. *Id*.

---

[2] Plaintiff wrote "to formally request a jury trial" (Dkt. No. 12 at 7), but the jury-trial box was not checked in either the original complaint (Dkt. No. 1 at 1) or the amended complaint (Dkt. No. 12 at 1).

### B. The Underlying Case

Defendants' motion states that this lawsuit stems from an underlying civil infraction in Des Moines Municipal Court, Case No. # 4A0684555 ("DMCC Case"). Dkt. No. 16 at 1. Plaintiff does not contest the accuracy of this in his response or the facts of the underlying case as Defendants presented them in their motion. *See generally* Dkt. No. 12. A court may take judicial notice of court filings and other matters of public record. *See Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 n.1 (9th Cir. 2020) (citing Fed. R. Evid. 201(d) and *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)). Therefore, the Court will take judicial notice of the DMCC Case and the court records associated with that case.

In the DMCC Case, Plaintiff requested a contested infraction hearing for an alleged speeding violation. Dkt. No. 16 at 1. The contested hearing took place on October 24, 2024, and Defendant Judge Pro Tem Gagner "found the violation committed." *Id*. at 1–2. On October 22, 2024, Plaintiff filed a request in DMMC for that court to reconsider the committed finding. *Id*. at 2. On November 18, 2024, Defendant Judge Leon reviewed and denied Plaintiff's motion for reconsideration. *Id*.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert the defense of failure to state a claim. Fed R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate when there is either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

//

//

### B. Judicial Immunity

Courts can consider judicial immunity when ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). When determining whether an act by a judge is considered judicial for the purposes of judicial immunity, courts consider "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). When a judge performs an act within their official capacity, they are "absolutely immune" from liability. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (citation omitted); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999)) ("It is well settled that Judges are generally immune from civil liability under section 1983."); *Swanigan v. Soc. Sec. Admin.*, No. C25-5301, 2025 WL 1345255, at *3 (W.D. Wash. May 8, 2025). "[T]he doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump*, 435 U.S. at 363–64 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871) (alterations in original)). "However, absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform." *Duvall*, 260 F.3d at 1133. In other words "[a] judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

//

//

ORDER ON MOTION TO DISMISS – 4

### III.  DISCUSSION

In the present case, Plaintiff lacks a cognizable legal theory, because Defendants' conduct is shielded by judicial immunity. Courts have "long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek*, 183 F.3d at 965.

Here, the Defendant-Judges conducted judicial acts when they entered rulings on Plaintiff's claims in the DMMC Case. Defendant Judge Pro-Tem Gagner presided over Plaintiff's contested civil infraction hearing and ruled against Plaintiff. Defendant Judge Leon ruled against Plaintiff on Plaintiff's motion for reconsideration. Presiding over civil infraction hearings and ruling on motions to reconsider are both functions normally performed by a judge, because judges are routinely tasked with hearing and deciding on such issues. *See* RCW 3.66.010. Further, making decisions and ruling about these issues are within a judge's judicial capacity, because parties bring motions before judges in court with the expectation that the judge will make decisions on the conflict at hand. Regardless of whether Plaintiff agrees with either ruling made in the DMMC Case, both instances are clearly judicial acts. Therefore, both Defendants are immune from liability, and the case must be dismissed.

Lastly, the Court does not give Plaintiff leave to amend and dismisses this matter with prejudice, because Defendants' judicial immunity is fatal to Plaintiff's claim. Therefore, any amended complaint alleging the same thing will also be futile. *See Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988), *amended by*, 856 F.2d 111 (9th Cir. 1988); *see also Little v. Ambler*, 22 F. App'x 764, 765 (9th Cir. 2001) (holding that district court did not abuse discretion in denying leave to amend because judicial immunity was fatal to plaintiff's claim) (citation omitted).

## IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 16) is GRANTED. Plaintiff's Amended Complaint (Dkt. No. 12) is DISMISSED WITH PREJUDICE.

Dated this 27th day of October 2025.

Tana Lin
United States District Judge